BEFORE THE FIRST DIVISION, FEBRUARY 19, 1943

**No. 48035.**—Protest 66953–K of New York Merchandise Co., Inc. (Los Angeles).

COLE, Judge: Certain merchandise assessed with duty at 30 percent ad valorem under paragraph 1502, Tariff Act of 1930, as baseballs, is claimed to be properly dutiable at only 20 percent ad valorem under the same paragraph as modified by the trade agreement with the United Kingdom, published in T. D. 49753.

Paragraph 1502 as originally enacted reads as follows, so far as pertinent for the purposes of this case:

\* \* \* baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, primarily designed for use in physical exercise (whether or not such exercise involves the element of sport) \* \* \* 30 per centum ad valorem; \* \* \*.

In the trade agreement, the same part of the paragraph, as modified, is set forth as follows:

| Tariff act of 1930; paragraph | Description of article | Rate of duty |
|---|---|---|
| 1502 | Lawn-tennis and table-tennis balls and golf balls | 20% ad val. |
| 1502 | Footballs and other balls, finished or unfinished, not specially provided for, primarily designed for use in physical exercise (whether or not such exercise involves the element of sport), except balls wholly or in chief value of rubber | 20% ad val. |

By testimony of its import manager, plaintiff sought to establish that the article in question is unfit for use as a baseball because of its flimsy construction,

and that the chief use of the merchandise is in playing catch. The rather specious testimony of the witness, however, is contradicted by the representative sample of the instant merchandise (plaintiff's exhibit 1). It is well established that a sample of merchandise involved is often a potent witness in a classification case. *United States* v. *Fred. Gretsch Mfg. Co., Inc.*, 28 C. C. P. A. 26, C. A. D. 120. The article in question is a baseball, of the class sold in chain stores, alongside light baseball bats and inexpensive baseball gloves. It is such in appearance that, from a distance, it resembles in every respect a big-league baseball, but upon close inspection it can be distinguished therefrom solely because of its cheap material and the manner in which it is stitched. It is the kind used by children to play baseball. True, it does not possess the weight or strength to permit of its use by adults, as extensively as by children. But the statute makes no such requirement. The provision is for baseballs, without qualification, and is sufficiently broad in scope to include the instant merchandise.

Hence, the question presented is whether the paragraph as amended, *supra*, removed such merchandise from the specific provision therefor as it appears in the original enactment.

It is argued by plaintiff that the residuary provision in the modified paragraph for "other balls, finished or unfinished, not specially provided for," embraces all balls not *eo nomine* designated, including baseballs not in chief value of rubber, like the merchandise in question. The fallacy of this contention is disclosed by a reference to "Press Releases" a publication of the Department of State on "The Trade Agreement With The United Kingdom." (Vol. XIX: No. 477, Supplement A, Publication 1252.) This is an official document issued at the time of publication of the trade agreement by the officials who had charge of the formulation, negotiation, and conclusion thereof. It contains comments concerning concessions made by the modifications to the various paragraphs of the tariff act. On page 97 thereof, appears the following:

*Balls for use in physical exercises and sport (par. 1502)*
A reduction in duty from 30 percent to 20 percent ad valorem is made on the following types of balls: golf, table-tennis, lawn-tennis, footballs, and other miscellaneous kinds (except baseballs and balls of rubber). Imports from the United Kingdom, the major supplier, of the types of balls affected by the duty reduction were valued at approximately $140,000 in 1937. The imported golf, lawn-tennis, and table-tennis balls consist chiefly of expensive grades comparable with the highest quality balls produced in the United States. Imports of other balls, such as soccer and Rugby footballs, polo, field hockey, and cricket balls, have offered little or no competition to domestic producers.

The language of paragraph 1502, as amended, *supra*, very clearly reflects the intention manifested by the trade agreement negotiators. The modified paragraph contains specific provisions for all of the different kinds of balls originally mentioned, except baseballs. The omission of the latter reveals a very definite purpose to maintain the higher rate on such merchandise, which is supported in the above quotation.

The protest is overruled and the decision of the collector is affirmed.